[No. 793.    September 2, 1898.]

## WILLIAM H. BYERTS, Appellant, v. NANCY J. ROBIN-SON, Administratrix, Etc., Appellee.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—EVIDENCE—PAYMENT—BURDEN OF PROOF.—1. Books of original entry can not be used as evidence unless the statutory requirements regarding their admissibility are first complied with.

2. The statutory provisions in this regard amend the common law rule.

3. The memorandum of sale was admissible in evidence to show that it included the entire stock of the vendor, and the receipt given at the time of the execution and delivery of the note is proper evidence to prove on what account said note was given.

4. Defendant having offered in evidence receipts for certain payments dated subsequent to and claimed to be on account of the note given, no other debts being proven, the burden of proof thereupon shifted to plaintiff to show that said payments were on some other account than the note aforesaid.

*Appeal,* from a judgment for plaintiff, from the Fifth Judicial District Court, Socorro County.    Reversed and remanded.

The facts are stated in the opinion of the court.

WARREN & FERGUSSON for appellant.

The court erred in excluding the written memorandum of sale and the receipt for the promissory note executed and delivered by plaintiff's intestate to the defendant below. Comp. Laws 1897, sec. 3021; 3 Jones, Ev., sec. 901; 1 Jones, Ev., secs. 243, 489, 492; Underhill, Ev., sec. 73; Fellows v. Smith, 130 Mass. 378; Smith v. Smith, 3 Bing. (N. C.) 29; Ivat v. Finch, 1 Taunt. 141; Keifer v. Carusi, 7 D. C. 156; Lamar v. Pearce, 17 S. E. Rep. 92; Gracie's Estate, 27 Atl.

Rep. 1083; Underhill, Ev., 163; 1 Greenlf., Ev., sec. 108; Pom., Mercantile Law, sec. 621.

The court erred in excluding the entries made contemporaneously by defendant on page 5, Ledger, which were original entries although the book was called a "Ledger." This account book was not offered as one kept by defendant as a merchant, under sec. 3031, Comp. Laws 1897, but under the common law. Alling v. Wenzel, 27 Ill. App. 511; White v. Whitney, 22 Pac. Rep. 1138; Lewis v. Maginnis, 30 Fla. 419.

Upon the issue of payment the defendant had the affirmative of the issue, with the resulting right to open and close. 1 Jones, Ev., sec. 177; Cutler v. Wright, 22 N. Y. 472; Tooth v. Maben, 21 Neb. 617; Hough v. Hamblin, 57 Ia. 359.

H. M. DOUGHERTY for appellee.

The refusal of the court to admit the receipt for the note was not error. It did not in any manner tend to corroborate appellant. Comp. Laws 1897, sec. 3021; Gildersleeve v. Atkinson, 6 N. M. 261.

It is not in harmony with the common law to admit a party's books where the entries were made by himself and in most states it is regulated by statute. 1 Greenlf., Ev., sec. 118; Comp. Laws 1897, sec. 3031. Appellant not only failed to show that he came within the class, but failed to make any of the statutory proofs.

The appellant can not now raise the question upon his right to open and close the case, the matter not being assigned as ground in the motion for new trial, nor alleged in the assignment of errors. Elliott on App. Jur., sec. 225.

Nor can this question be raised under a general allegation, but it must be specific. Wallrock v. State, 8 Neb. 384; Lowery v. Frounce, 7 Id. 192.

MILLS, C. J.—On May 8, 1897, Nancy J. Robinson, administratrix of the estate of J. M. Robinson, deceased, brought an action in assumpsit in the district court for Socorro

county, to recover from William H. Byerts upon a promissory note, a copy of which is as follows:

"$755.95.                          Socorro, 11—21—1894.

"Nine months after date I promise to pay to the order of J. M. Robinson seven hundred and fifty-five dollars at his office in Socorro, N. M., with interest from No interest at the rate of — per cent per annum, and ten per cent additional for attorneys' fees in case of legal proceedings to enforce collection.   For value received.

"No. ——— Due ———                        W. H. Byerts."

The defendant pleaded the general issue, and payment, but before the trial withdrew the first plea, and relied only on that of payment.   Trial by a jury was had  on December 6, 1897, and a verdict for plaintiff was rendered for seven hundred and forty-one dollars and ninety-one cents, the amount of the debt found due and attorneys' fees.   Motion for new trial and in arrest of judgment was filed and overruled, exceptions were duly saved, and judgment being entered on the verdict the defendant below appeals.

There are numerous assignments of error, but as the second and fifth which relate to admissibility of evidence determine the case we shall only consider them, and will treat them as one.

The second assignment is that, "The court erred in excluding competent and material evidence offered by the  defendant below;" and the fifth is that, "The court erred in excluding the account book, the memorandum of sale, and the receipt for the note sued on, offered by defendant below."

In 1894, Dr. J. M. Robinson, and Byerts were both in business in Socorro, the former selling furniture and coffins, and the latter carrying on a stationery business.   In the summer of that year Robinson sold to Byerts his stock of furniture and coffins, and Byerts sold to Robinson his stationery business.   The furniture and coffins were valued at something over eighteen hundred dollars and the stationery at a little over six hundred dollars; so that on the transaction Byerts owed Robinson a difference of about twelve hundred dollars.

On November 11, 1894, Byerts gave Robinson the note in suit. Robinson died on March 11, 1895, and his widow, the defendant in error herein, was duly appointed administratrix of the estate and qualified as such, and afterwards brought suit to collect the note.

It is claimed by the plaintiff in error that at the time of the giving of the note sued on he had paid all the money he owed Robinson, except the sum evidenced by the note, and he further claimed that he had paid that note and in substantiation of this latter claim, on the trial, he produced nine receipts, for various sums, dated between December 1, 1894, and February 18, 1895, duly signed by J. M. Robinson, and one dated April 3, 1895, signed by Mrs. J. M. Robinson. The amount of these notes and the undertaking bill for coffin, etc., furnished by Byerts at the death of Robinson, virtually equals the note sued on.

PROMISSORY note: evidence: payment.

The defendant in error claims that most of the payments evidenced by these receipts were not made on account of the note sued on, but were on account of some other debt due by Byerts to Robinson. What such debt is does not appear in evidence.

During the trial Byerts offered in evidence a certain part of his ledger, page 5, in order to prove his account with Robinson, and to show that it was balanced. The attorney for the administratrix objected to its admission on the ground that the statutory requirements for the admissibility of books of account had not been shown and also because it was not a book of original entry, as the evidence showed the defendant kept a day book at the time.

The latter part of this objection is, we think not well taken; it is true that the defendant stated that he kept a day book, in which he entered sales made by him to his customers, but he also swears that in the book offered the original entries of the Robinson account were made, and that they appeared in no other book. This would, we think, make this page of the ledger admissible in evidence, if the other provisions of law as

to its admissibility were complied with, and the question then arises as to whether or not they were.

Section 3031, Compiled Laws of 1897, provides that the books of account of any merchant may be admitted in evidence as proof of such account upon the following conditions:

First.    That he kept no clerk, or else the clerk is dead or inaccessible.

Second, upon proof, that party's oath being sufficient, that the book tendered is the book of original entries.

Third, upon proof, by his customers, that he usually kept correct books.

Fourth, upon inspection by the court to see if the books are free from any suspicions of fraud.

These provisions seem to us to be wise, and easily complied with by one making the tender.    If the party offering books of account kept no clerk, he can so swear, and can testify under oath that he kept the books and made the entries himself, or if the clerk is dead or inaccessible, he can prove that fact and that the entries are in the handwriting of such clerk, and were made in regular course of business.    No proof is offered to show such facts.    The second proviso, that the book tendered is one of original entry, was we think complied with in this case, the plaintiff in error swearing to such fact.    Neither the third nor the fourth provisions of the statute were complied with so far as appears from the transcript, and therefore if the book was offered in evidence under the statute we think that it was properly rejected.    Counsel for plaintiff in error, however, claimed that the book was not offered under section 3031 of the Compiled Laws of 1897, but under the common law.    By the common law, entries, to be admissible, had to be made in books kept for the purpose, contemporaneously with delivery of the goods, by the person whose duty it was at the time being to make them.    In such cases books were admissible as evidence of the delivery of the goods therein charged where the nature of the subject was such that better evidence was not obtainable.    Greenleaf on Evidence, No. 117.

We think that even the common law requirements as to

the admission of this book were not complied with. Even if they had been, the book would not have been admissible unless the provisions of our statute were followed, as such statute undoubtedly supersedes the common law rule.

Under the circumstances of this case, the requirements of the statute not being complied with, we think that there was no error in excluding this book of accounts. Had the proper proofs been made, it might have been admissible.

This suit, being brought by the administratrix to recover on a note belonging to an estate, the defendant in error relies on section 3021 of the Compiled Laws of 1897 to recover. This section requires that in suits by or against administrators of a deceased person, an opposite or interested party to the suit shall not recover a judgment on his own evidence in respect to any matter occurring before the death of the deceased, unless such evidence is corroborated by other material evidence. It therefore becomes necessary for defendant, in order to prevail in his defense, to offer in addition to his own evidence as to payment corroborative evidence. It is not necessary in determining this cause to write a treatise as to what is corroborative evidence, as it is fully discussed in the case of Gildersleeve v. Atkinson, 6 N. M. 250, in which case as a final conclusion the court says:

"Corroborating evidence is such evidence as tends, in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegations or issue if unsupported would be fatal to the case and such corroborating evidence must of itself without the aid of any other evidence exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports. Such evidence will not be material unless the evidence sought to be corroborated itself supports the allegation or point in issue."

The defendant below, testifies that all he at any time owed Dr. Robinson was the balance due for the purchase of the furniture and undertaking establishment, and to prove

that he had purchased all the said stock that Dr. Robinson had, he offered in evidence a memorandum of sale which reads as follows:

"Socorro, N. M., 9—5th, 1894.

"To whom it may concern:

"This is to certify that I have sold to W. H. Byerts my entire stock of furniture and undertaking, with it my good will, my influence in his behalf, and will protect him in the above named business, and will not enter into the same business in Socorro while W. H. Byerts is in the same business of furniture and undertaker..          Respt.

"J. M. Robinson."

To the introduction of this memorandum the plaintiff objected, as "being issued two months before the issuance of the note and showing no connection with it," and the court sustained the objection.

Defendant also testified that he had paid Dr. Robinson from time to time on account of what he owed him, until he had reduced the balance so due to the amount of the note sued on, and as corroborative proof that that was all he owed Dr. Robinson, at the time of the delivery of the note, he offered in evidence a receipt given him by the intestate, as follows:

"Socorro, N. M., 11—22—1894.

"Received of W. H. Byerts a note, seven hundred and fifty dollars, for bal. due on furniture & coffins.

"$755.91-100.          J. M. Robinson."

Plaintiff objected because the receipt shows on its face that it is for a balance due on furniture of seven hundred and fifty-five dollars and ninety-one cents, and because the receipt explains itself. The court sustained the objection, on the ground that the receipt appears on its face to have no reference to the note. The rejection of these offers of evidence was, we think, manifest error. The memorandum of sale showed conclusively that defendant below had purchased all the stock of furniture and undertaking, which Dr. Robinson had, and the doctor obligated himself not to enter the same business in

Socorro while Byerts was carrying it on. This certainly is corroborative evidence of the claim of Byerts that he bought no more goods from Dr. Robinson for use in his business as it shows that he bought all of such goods that Robinson had, at the time of the sale, and there is no scintilla of evidence that Doctor Robinson sold him any other property or goods.

The objection of the defendant in error that the memorandum was made two months before the note is untenable. Defendant had the right to go into the entire transaction for which the note was given, in order that he might show by his own and other evidence corroborative thereof what the original amount of the debt was, how much had been paid, and what if any was still due.

The court erred in not admitting the receipt in evidence to go before the jury. The giving of a promissory note is prima facie evidence that an account has been stated as between the immediate parties thereto. 2 Chitty on Contracts, p. 963; Fesenneyer v. Adcock, 16 M. & W. 449, 450; Burmeister v. Hogarth, 11 M. & W. 97, 101, 102.

The objection made to its admissibility, that it "shows on its face that it is for a balance due on furniture of $755.91," is, we think, the very reason why it should have been admitted. This was the ground on which defendant below desired to get it in evidence, viz.: That it showed on its face that it was for the balance due on the purchase of furniture and coffins, and it was admissible and material as corroborative of defendant's evidence and tending to prove the indebtedness evidenced by the note, and that the note was received in full satisfaction of the antecedent debt, growing out of the purchase of the furniture and coffins. Byerts swears positively that at the time he gave the note to Dr. Robinson it was in full for the balance due on the purchase of the furniture and coffins, and this receipt was offered as corroborative evidence. We think it is clearly corroborative of his claim and that it should have gone to the jury along with the other evidence, for them to consider. If these two papers had been admitted in evidence, the plaintiff might have shown in rebuttal, if deemed necessary that the

payments for which receipts were given were on some other
account than claimed by Byerts. After the
BURDEN of proof. introduction of the ten receipts, the burden of
proof shifted and it was on the defendant in
error to show that the payments for which they were given
were on some other accounts than the note.

There being palpable error in the judgment appealed
from, in not admitting the memorandum of sale and the
receipt for the note, the same is hereby reversed, and the
cause is remanded to the district court of Socorro county,
with instructions to grant a new trial.

Crumpacker, Leland, Parker and McFie. JJ., concur.

SYLLABUS BY THE COURT.

