## Staunton

.SOUTHERN MATERIALS COMPANY, INCORPORATED v. BELLA B.
MARKS, KEEVE MARKS, LUCY C. SIMS, ADMINISTRATRIX
OF THE ESTATE OF FRANK SIMS.

September 8, 1954.

Record No. 4240.

Present, Eggleston, Spratley, Buchanan and Smith, JJ.

The opinion states the case.

*Hirschler & Fleischer*, for the appellant.

*William C. Parkinson* and *Wallerstein, Goode, Adamson
& Dobbins*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is a suit in equity brought to enforce a mechanic's lien, Code § 43-22. The only question to be decided is whether it was brought in time.

Southern Materials Company, Incorporated, subcontractor, Code § 43-1, furnished materials to Frank Sims, general contractor, for use in erecting a building for Bella B. Marks and Keeve Marks, the owners. The material so furnished was ready-mixed concrete, the bills for which amounted to $3,254.90.

Southern Materials, hereinafter sometimes referred to as complainant, duly filed and had recorded its memorandum of mechanic's lien and gave notice to the Markses, as required by Code § 43-7. Thereafter, on February 21, 1950, it brought this suit to enforce its lien and filed therewith an itemized statement of the materials furnished, composed of seven items, the first dated June 23, 1949, and the last dated August 3, 1949. Frank Sims had died on August 3, 1949, and his administratrix, Lucy C. Sims, was made a defendant, together with the Markses. They filed answers and the cause was referred to a commissioner with directions to make relevant inquiries and file a report.

Before the commissioner the parties made certain stipulations and thereupon requested the commissioner first to report whether Southern Materials had a mechanic's lien, and if so whether it had instituted its suit within the time prescribed by the statute. The commissioner reported that the mechanic's lien had been duly perfected but that the complainant's account became due and payable on the date of the last item of materials furnished, which was August 3, 1949; that the complainant's suit was instituted on February 21, 1950, hence was not brought within the six months prescribed by § 43-17 of the Code, and consequently should be dismissed. By the decree appealed from this report was confirmed and the cause dismissed.

During the proceedings below a compromise agreement among the parties was approved by the trial court which fixed $1,000 as the amount owing by the Markses to the estate of Sims. That amount was paid into the court below and the Markses on their motion were by this court dismissed as parties to this appeal.

Section 43-17 of the Code provides that no suit to enforce a mechanic's lien perfected under the prior sections "shall be brought after six months from the time when the whole amount covered by such lien has become payable; * * ." "Payable" as used in this statute obviously refers to the time when the obligation to pay is immediate, after which the debt is past due, interest runs and action may be brought. *Dungan* v. *Henderlite*, 62 Va. (21 Gratt.) 149; 70 C. J. S., Payable, p. 202.

The last item on complainant's account, as stated, was for material delivered on August 3, 1949. The commissioner was of opinion that the six months' limitation under the statute began on that date, on the authority of *Osborne* v. *Big Stone Gap Colliery Co.*, 96 Va. 58, 66, 30 S. E. 446, 449. That case held that a running account "where nothing to the contrary appears, is to be considered as falling due at the date of its last item." There is sufficient evidence to the contrary in the present case, we think, to require a different conclusion.

It was stipulated before the commissioner that the amount due from Frank Sims to Southern Materials for the materials furnished was $3,254.90, and that these materials were furnished from June 23, 1949, to August 3, 1949. The vice-president of Southern Materials testified, as further stipulated, that while there was no written agreement with Sims as to the terms of sale, itemized statements of account were sent out once a month, as close to the first day of the month as practicable, and that all accounts were due on the first day of the month following the month in which the materials were delivered. The account filed with the complainant's bill was dated September 3, 1949. This officer

further testified that a discount of 25 cents a cubic yard was allowed to the purchaser if the account was paid within the time specified on each invoice. There was no contradiction of this testimony but the commissioner thought it lacked corroboration. Code § 8-286.

Assuming, although it is not necessarily established by the evidence, that the witness who testified was "an adverse or interested party" whose testimony required corroboration, sufficient corroborating evidence was produced.

Complainant's bill alleged that its account of $3,254.90 became due on September 3, 1949, thirty days from the date the last materials were furnished to Frank Sims. The answer of the administratrix, while asking for strict proof, stated that from the statements rendered by the complainant during the lifetime of Frank Sims and immediately thereafter, this allegation of the bill appeared to be true.

There were filed with the commissioner, as "Exhibit Defendant Sims," seven invoices covering the materials furnished Frank Sims which correspond in dates and amounts with the items of the account which the complainant exhibited with its bill and which it alleged to be a statement of the materials furnished, with dates and prices; and the answer of the administratrix stated that from the records of Frank Sims this allegation appeared to be true.

Each of these invoices so filed by the Sims estate indicated, in a column headed "Terms," that it was subject to a discount if paid at a stated time after the delivery date shown on the invoice. The last item on complainant's account, as stated, is dated August 3, 1949. That is the delivery date shown on the last invoice filed as Exhibit Defendant Sims # 7. That invoice shows in its "Terms" column that it was subject to a discount of 25 cents per cubic yard if paid by August 25, 1949. Certainly this invoice did not, in the language of the statute, "become payable" prior to the time that the discount was allowable. It was evidently payable within the meaning of the statute after its date of August 3. That fact either alone or with

the admissions in the Sims answer was sufficient corroboration of the complainant's witness. *Leckie* v. *Lynchburg Trust, Etc., Bank*, 191 Va. 360, 370, 60 S. E. (2d) 923, 928. Taken alone it established that the last item on complainant's account for which it asserted its mechanic's lien did not become payable until the day after August 25, 1949, and hence complainant's suit, which was begun on February 21, 1950, was brought within the six months allowed by the statute.

In this view it is not necessary or proper to decide the remaining contention of the complainant that under § 8-31 of the Code the time for bringing its suit was extended for a year from the death of Frank Sims.

The decree appealed from is reversed and the cause remanded for further proceedings consistent herewith. The complainant shall recover its costs in this court and in the court below.

*Reversed and remanded.*