OPINION
HAIRE, Judge.
Appellant, Lee Mahan, appeals from the trial court’s dismissal with prejudice of his claim against the First National Bank of Arizona, the personal representative of the estate of Kenneth A. Hoover, deceased.
Two issues are presented in this appeal:
(1) whether appellant is precluded by A.R.S. § 12-2251 (the deadman’s statute) from testifying concerning his conversations with the decedent relating to an oral contract entered into with decedent; and
(2) whether the trial court erred in ruling that the appellant had the burden of proving that the decedent was acting as an agent for an undisclosed principal at the time the oral contract was entered into. Since the trial court erred in applying the deadman’s statute and in placing the burden of proof on appellant, we reverse.
The relevant facts pertinent to the issues on appeal are not in dispute. Verde Valley Materials, Inc., was founded in February 1976. The sole shareholders and officers of Verde Valley were D. Lavoy Adams and Kenneth A. Hoover, the deceased. Verde Valley was in the business of supplying gravel and other materials to various buyers.
About May 1976, Verde Valley found itself short on materials to meet its contract obligations. Ken Hoover, the decedent, went to appellant to buy some gravel. An oral contract was entered into between appellant and Hoover under which appellant would supply specified gravel. Hoover and appellant were the only parties present during the oral contract negotiations. The existence of the contract and the amount remaining unpaid was not disputed at the time the trial court ruled that the statute was applicable. The only issue concerned who was bound by the contract.
Verde Valley employees, including Hoover, picked up the rock materials in trucks of Verde Valley. At the time of each pickup, delivery tickets were made out evidenc *140 ing the transaction. The tickets showed that the material was “SOLD TO Ken Hoover”. About 106 delivery tickets were filled out evidencing the deliveries. Of these, a total of fifteen were signed “Ken” or “Ken H.”, while the remainder were signed by other persons who were employees of Valley Verde.[1] The deliveries of gravel started in May and continued through August of 1976. For the months of June, July and August, appellant sent Ken Hoover billing statements for the gravel involved. Each billing statement was made out to “Ken Hoover; Mesa, Arizona”. On September 7, 1976, after all deliveries had been made, part payment was made by a check drawn on Valley Verde’s account, signed by Ken Hoover.
Hoover died on October 11, 1979. After Hoover died, appellant filed a creditor’s claim against Hoover’s estate. The claim was rejected by Hoover’s personal representative, First National Bank of Arizona. Appellant then filed a petition in the probate court for allowance of its claim for the amount of $6,528.48, to which First National Bank objected.
I.
Appellant contends that the trial court erred in precluding his testimony concerning the oral agreement pursuant to the deadman’s statute, A.R.S. § 12-2251 which provides:
“In an action by or against executors, administrators or guardians in which judgment may be given for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party, or required to testify thereto by the court. The provisions of this section shall extend to and include all actions by or against the heirs, devisees, legatees or legal representatives of a decedent arising out of any transaction with the decedent.”
The admission of testimony regarding transactions with or statements by the deceased is within the discretion of the trial court. Cachenos v. Baumann, 25 Ariz.App. 502, 544 P.2d 1103 (1976); Condos v. Felder, 92 Ariz. 366, 377 P.2d 305 (1962); Costello v. Gleeson, 15 Ariz. 280, 138 P. 544 (1914).
“[T]he discretion of the trial court in admitting testimony of transactions with or statements by the decedent will be upheld where (1) it appears an injustice will result if the testimony is rejected, Davey v. Janson, 62 Ariz. 39, 153 P.2d 158 (1944), or [ (2) ] where there is independent evidence to corroborate the transaction with the decedent. Goff v. Guyton, 86 Ariz. 349, 346 P.2d 286 (1959); Condos v. Felder, supra. Conversely, it would appear if one of these two elements are present, a rejection of testimony concerning transactions with or statements by the decedent would result in an abuse of discretion.”
25 Ariz.App. at 505, 544 P.2d at 1106, (emphasis added).
In this case, the appellant presented documentary evidence constituting prima facie evidence of and corroborating the oral contract, namely, the delivery tickets and the monthly statements. First National Bank first contends that no Arizona decision has permitted corroborating evidence to consist wholly of documentary evidence, and that the corroboration must be at least in part testimonial evidence. First National cites several cases allegedly in support of this proposition. This argument is unfounded. The cases cited by First National to support its proposition deal exclusively with testimonial evidence offered as corroboration.
We have found no cases which require that corroboration be in part supported by testimonial evidence. We perceive no reason to treat documentary evidence differently from testimonial evidence. We hold that independent corrobo *141 rating evidence can be of any type which is probative and admissible. See Lee v. Gruschus, 77 N.M. 164, 420 P.2d 311 (1966) (books and profit sheets); Southern Materials Co. v. Marks, 196 Va. 295, 83 S.E.2d 353 (1954) (invoices); Good v. Dyer, 137 Va. 114, 119 S.E. 277 (1923) (promissory notes); Godfrey v. Howes, 91 Or. 98, 178 P. 388 (1919) (receipts); Byerts v. Robinson, 9 N.M. 427, 54 P. 932 (1898) (receipts); Gottwald v. Weeks, 41 N.M. 18, 63 P.2d 537 (1936) (books of account). See also Annot., 21 A.L.R.2d §§ 1013-1043 (1952) (additional case authority that independent documentary evidence can be corroborative evidence). Here, no question has been raised concerning the adequacy of the foundation for the admission of the offered documentary evidence under the business record exception. Logically, such evidence might well be afforded greater deference as corroborating evidence than mere oral testimony, since the documents were prepared prior to the death of the decedent and at a time when there was no controversy or discernible motive to falsify.
First National next argues that the corroborating evidence offered by appellant is not “independent evidence” within the meaning of the statute since the tickets were prepared by appellant or his employees. We disagree. These documents were prepared during the ordinary course of business at the time each transaction took place. Additionally, fifteen of the delivery tickets were signed by Ken Hoover at the times he received deliveries of gravel.
Lastly, First National contends that the evidence offered by appellant is not “sufficient” to corroborate the transaction with Hoover so as to overcome the prohibition of the deadman’s statute, and thus the trial court did not abuse its discretion.[2] We are of the opinion that the alleged oral agreement between appellant and Hoover was sufficiently corroborated by the billing statements and delivery tickets presented by appellant. The delivery tickets are receipts which acknowledge that the rock material was received and accepted by the truck driver. Many of these receipts were signed by Ken Hoover when he picked up materials from appellant. Most importantly, all the tickets were made out as “SOLD TO Ken Hoover”. Additionally, each month appellant sent billing statements to Ken Hoover in the name of “Ken Hoover; Mesa, Arizona”. In view of this corroborating evidence, we hold that the trial judge abused her discretion in precluding as barred by the deadman’s statute the proffered testimony of appellant.
II.
Appellant next contends that the trial court erred in ruling that he had the burden of proving that Ken Hoover was acting as an agent for an undisclosed principal at the time the contract was formed. We agree.
In order for an agent who negotiates a contract in behalf of his principal to avoid personal liability he must disclose not only his agency but also the identity of his principal. It is not the third person’s duty to seek out the existence and identity of the principal; rather, the duty to disclose the existence and identity of the principal is on the agent and the disclosure of the principal must be made at the time the transaction is being conducted. Myers-Leiber Sign Co. v. Weirich, 2 Ariz.App. 534, 536, 410 P.2d 491, 493 (1966). See also 3 Am.Jur.2d Agency §§ 317-320 (1962); Restatement (Second) of Agency, §§ 320-322 (1958). The party seeking recovery on the contract has the burden of proving that the defendant was a party to that contract, but once this initial determination has been made, the burden shifts to the defendant, who in order to escape liability, must show that his promise was made solely in the capacity of agent for a disclosed principal. Matsko v. Dally, 49 Wash.2d 370, 301 P.2d 1074 (1956); Restatement (Second) of Agency, § 320 Comment b (1958). See also MacNeil v. Perkins, 84 Ariz. 74, 81, 324 *142 P.2d 211, 215 (1958) (in the absence of contrary controlling law, the Arizona courts will follow the Restatement of Law). Thus, we find that appellant need only make a prima facie showing of a contract made with Hoover. Thereafter, the burden of proving the existence of a principal and the timely disclosure of his identity shifts to the defendant.
In this case, appellant clearly demonstrated his ability to make a prima facie showing that the contract was with Hoover.[3] During the pickup of the gravel by Hoover, he signed the delivery tickets showing “SOLD TO Ken Hoover” without any indication that he was acting as an agent for Valley Verde Materials, Inc. The billing statements sent to Hoover were made out in the name of Ken Hoover and not Valley Verde, demonstrating appellant’s subjective belief that he was transacting business with Hoover in his sole capacity. In our opinion these documents would be sufficient by themselves to establish prima facie proof of the contract with Hoover. However, since we have held that appellant’s testimony is not barred by the deadman’s statute, appellant’s deposition testimony indicating that Ken Hoover did not disclose that he was acting as an agent for Valley Verde Materials during the negotiation of the oral agreement provides further evidence which would firmly establish appellant’s prima facie case.
The order of the trial court is reversed and the case remanded for further proceedings consistent with this decision.
GRANT, P.J., and EUBANK, J., concur.

. The record does not disclose that appellant knew that the drivers were employees of Verde Valley. The trucks were not identified as “Verde Valley" vehicles.

. The standard applied in Cáchenos, supra, was that corroborative evidence must be "sufficient.” See also Mustonen v. Schroeder, 130 Ariz. 283, 635 P.2d 876 (App.1981).

. A prima facie case requires that there be evidence to justify, not necessarily compel, an inference of liability. Middleton v. Wallichs Music & Entertainment Co., 24 Ariz.App. 180, 536 P.2d 1072 (1975). In probate proceedings, unless a statute specifically provided otherwise, we will apply the standards applicable to other civil actions. See Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523 (1938). Cf. Cavanah v. Martin, 590 P.2d 41 (Alaska 1979).