**63 P.(2d) 537**

**GOTTWALD et al. v. WEEKS et al.**
**No. 4153.**

Supreme Court of New Mexico.
Oct. 19, 1936.

On Rehearing Dec. 7, 1936.

Edward C. Wade, Jr., of El Paso, Tex., for appellants.

W. C. Whatley, of Las Cruces, for appellees.

BRICE, Justice.

From a decree in an accounting following a mutual rescission of a contract for purchase and sale of real estate, this appeal is prosecuted. We will recite only facts necessary to a decision.

In the year of 1927 appellees (husband and wife) contracted to sell and convey to H. M. Gottwald and the appellant Julia L. Gottwald (husband and wife) certain real estate in consideration of $12,700 paid and to be paid. Gottwald died November 1, 1931, and appellant Julia L. Gottwald and the other appellants (his minor children) are his heirs at law and succeeded to his estate. This action was brought in January, 1932, to cancel the contract of sale and purchase and for an accounting. After the suit was filed, appellants abandoned the land, and appellees immediately took possession and conveyed it by warranty deed to another.

█ The court concluded there was a mutual rescission of the contract and that the parties should be placed in statu quo. The parties acquiesced in this conclusion and it is binding here, though we do not determine whether it is correct. But appellants disagree with the court's conclu-

sion that such restoration entitled appellees to a credit for a 50 per cent. depreciation in the market value of the land, resulting from the economic depression, which was allowed them by the court. The conclusion of the court is stated in the following language: "That plaintiffs, at the time of the institution of this suit, were not entitled to rescind, but that by reason of the conduct of defendants in taking possession of said premises, and conveying same away, as the Court finds was done in June, 1932, the defendant should be held to have acquiesced in such rescission, so that it was a mutual rescission of said contract, which entitled plaintiffs to recover back all that had been paid on the purchase price, after accounting for the rental value during the time they were in possession, and for the depreciation in the market value of the property between the time of entering into the alleged contract and the time of the rescission by the plaintiff in 1932."

█ The court erred in allowing the credit complained of. The restoration of the status quo ante contemplates the return to each of the parties of that with which he parted, with compensation for its use or injury. This includes the return of the purchase money paid and interest thereon to the purchaser by the vendor, and the payment of the fair value of the use of the land, generally reckoned as its fair rental value, and consequential damages for waste or other injury to the real estate, caused by acts of the purchaser, to be paid by him to the vendor. The territorial Su-

preme Court in Daly v. Bernstein, 6 N.M. 380, 28 P. 764, 767, stated: " * * * 'In statu quo' means being placed in the same position in which a party was at the time of the inception of the contract which is sought to be rescinded. Now, at that time the defendant had merely the possession of the place. If the jury believed the testimony, that was delivered to him, and hence he was in statu quo."

There are but few authorities on the identical question here presented, but these hold that the purchaser is not chargeable with a depreciation in the market value of the real estate caused by economic conditions.

"On the rescission of a contract for the sale of land, the purchaser will be held to account for all waste committed by him on the premises while in his possession, such as the cutting and removal of timber, the destruction of vines or fruit trees, to the cultivation of which the land was chiefly devoted, or the removal of buildings which were upon the land at the time he came into possession. And generally, the purchaser, on such rescission, will be chargeable with any deterioration in the value of the land caused by his mismanagement, improvidence, injudicious cultivation of it, or culpable negligence. But it is not an invariable rule that he must restore the land in the same condition in which he received it, and the fact that it may have depreciated in value will be no obstacle to his rescission of the purchase, good cause therefor existing, when that circumstance is not in any way attributable to his own act or fault." 2 Black on Rescission and Cancellation, § 633.

" 'Rescission cannot be adjudged for mere mistake, unless the party against whom it is adjudged can be restored to substantially the same position as if the contract had not been made.' The words 'same position,' found in the section, are used with reference to the subject-matter of the contract; and the fact that the market value of the property may have depreciated while out of the possession of the vendor does not defeat the vendee's right of rescission. If the property can be returned by the vendee in substantially the same condition as when he received it, then the requirements of this section of the Code are fully satisfied." Goodrich v. Lathrop, 94 Cal. 56, 29 P. 329, 28 Am.St.Rep. 91.

"It is further contended that the plaintiff is estopped by his conduct from demanding the relief sought by him on the ground that during his occupancy of the premises there has been a material depreciation in the market value of real estate, and that the lands have been incumbered by a judgment lien rendered against the defendant in favor of one O. L. Mick.

"We may take judicial notice of the fact of the general depreciation in land values since March 1, 1920, but we are not ready to hold that a depreciation in the market value of real estate constitutes a defense to the instant action. A substantial restoration is all that in any event is required. The right to rescind does not depend upon plaintiff's ability to make the adverse party whole in a pecuniary sense as to the real

estate conveyed. The status quo depends upon returning to him what he has received." Dickerson v. Morse, 203 Iowa, 480, 212 N.W. 933, 935.

"The general rule is well settled that to entitle the purchaser to rescind he must place the vendor in statu quo, or offer to do so, and in some jurisdictions this is so under the statute as well as under the general rule of law, the obligation of the purchaser under a statute, however, being limited by its terms. A substantial compliance with the requirement, however, is all that is necessary, especially where a literal compliance has been rendered impossible by circumstances for which the purchaser is not responsible, or for which the vendor is responsible. If the impossibility of restoration has been caused by the vendor's acts or defaults, the purchaser's right to rescind will not be defeated thereby. It is sufficient that the purchaser return to the vendor what he has received, regardless of a depreciation in its market value." 66 C.J. § 467, p. 819.

Appellants' second point reads: "The Court erred in permitting the defendants to file an amended answer during the trial with new allegations as to depreciation."

This becomes immaterial in view of our holding that depreciation of the market value of the real estate in question was not a proper credit to appellees.

This case comes within section 45-601, N.M.Code 1929, which is as follows: "In a suit by or against the heirs, executors, administrators or assigns of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence."

The court found that in the year of 1931 appellees had advanced the Gottwalds $1,863.77 and had received payments thereon of $1,631.70, leaving a balance unpaid of $232. Dr. Weeks testified that he was paid $1,747.89, leaving a balance of only $114.88 in his favor. It seems that the books of Dr. Weeks corroborated most, but not all, of the credits claimed by appellees, and this satisfies the statute as to those corroborated. Radcliffe v. Chaves, 15 N.M. 258, 110 P. 699. Weeks' books showed he was paid $1,747.89 on account, instead of $1,631.70 as found by the court, leaving a balance of $114.88 instead of $232.07 allowed.

The other question raised is immaterial to a decision of the case.

The cause will be reversed and remanded, with instructions to strike from appellees' credits the allowance for depreciation of the farm in question, and to reconsider and determine the balance that may be due either party from the 1931 transaction consistent with this opinion and without further testimony or proceedings.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.

On Motion for Rehearing.

BRICE, Justice.

We have considered appellees' motion for rehearing and have concluded that it should be overruled, but that the order of reversal in the original opinion should be amended.

There is considerable confusion in the findings of the district court that we are unable to reconcile, caused by the court's adopting various findings requested by the parties without making full and complete findings of his own. If the latter rule were followed, it would save this court trouble and annoyance in discovering the real findings of the court, and avoid duplication and inconsistencies.

There is a finding that the rental value was one-half the crops and that the value of the crops was $12,331.70. This finding fixes the rental value at $6,165.85. Appellees' requested finding No. 10 was refused, and the court in lieu found the rental value to be $2,550. There was no adjustment of the accounts, from which it was determined which party was indebted to the other and to what extent. The accounting should be completed with or without additional evidence, at the discretion of the court.

The motion for a rehearing is overruled.

The cause will be reversed and remanded, with instructions to strike from the appellees' credits the allowance for depreciation of the farm in question and to reconsider and determine the balance that may be due either party from the findings and conclusions of the court, to be made from the testimony heretofore taken, unless he shall be of the opinion that it is necessary for a just determination of the suit that additional evidence is required; in which case additional evidence upon any particular question may be received at the court's discretion.

The cause is reversed and remanded for further proceedings not inconsistent with this court's opinions.

It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.