173 P.3d 1 (2007)
2007-NMCA-151
STATE of New Mexico, Plaintiff-Appellee,
v.
Juan MARQUEZ, Defendant-Appellant.
No. 25,711.
Court of Appeals of New Mexico.
September 4, 2007.
Certiorari Granted November 20, 2007.
Gary K. King, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, NM, for Appellee.
John Bigelow, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.
Certiorari Granted, No. 30,709, November 20, 2007.

OPINION
FRY, Judge.
{1} Defendant Juan Marquez was arrested for driving while under the influence of alcohol (DWI), in Chaves County, just outside the city limits of Dexter, New Mexico. Defendant *2 asks this Court to vacate his conviction, claiming that the evidence of his intoxication was obtained as the result of an illegal traffic stop. As we agree with Defendant that the municipal officer who stopped him was not authorized by the Fresh Pursuit Act, NMSA 1978, § 31-2-8 (1981), to pursue a suspect outside of the territorial limits of the officer's jurisdiction based on a non-arrestable offense, we conclude that evidence of Defendant's intoxication should have been suppressed, and the DWI charge dismissed.
BACKGROUND
{2} Defendant was driving within the city limits of Dexter when Officer James Seely[1] of the Dexter Police Department heard a loud noise coming from Defendant's truck. The noise appeared to be caused by a problem with the muffler. Officer Seely believed that the noise violated either a Dexter city noise ordinance or a state law prohibiting exhibition driving. Officer Seely turned on his emergency lights and followed Defendant in order to cite him for the noise. By the time Officer Seely got Defendant's attention and Defendant pulled over to stop, he and Officer Seely had left the Dexter city limits and were in Chaves County. During the traffic stop, Officer Seely noticed that Defendant showed signs of intoxication, and, after administering several field sobriety tests, Officer Seely attempted to arrest Defendant for DWI. Officer Seely claimed that Defendant resisted arrest, that Officer Seely sprayed Defendant with pepper spray, and that Defendant then hit him in the chest. Defendant was ultimately charged with aggravated DWI, contrary to NMSA 1978, § 66-8-102 (2004) (prior to amendments), battery on a police officer, contrary to NMSA 1978, § 30-22-24 (1971), and resisting arrest, contrary to NMSA 1978, § 30-22-1(D) (1981).
{3} Prior to trial, Defendant moved to dismiss the DWI charge, arguing that the traffic stop and subsequent arrest were invalid. He maintained that Officer Seely was authorized to make arrests only for violations occurring within the Dexter city limits, and that the Fresh Pursuit Act, Section 31-2-8, did not grant Officer Seely jurisdiction to arrest Defendant for a non-arrestable misdemeanor such as violation of the noise ordinance. The trial court denied Defendant's motion to dismiss the charge. The court found that the Fresh Pursuit Act permitted Officer Seely to pursue Defendant into Chaves County based on the noise he heard coming from Defendant's truck in Dexter and on his understanding that the noise violated either the Dexter noise ordinance or the state prohibition against exhibition driving. The court concluded that there was no difference between this case and County of Los Alamos v. Tapia, 109 N.M. 736, 745, 790 P.2d 1017, 1026 (1990), in which our Supreme Court held that the Fresh Pursuit Act applied to both misdemeanors and petty misdemeanors. The trial court also found that Officer Seely was commissioned by the Chaves County sheriff, but stated that the court did not know what significance the commission had and that it was "not material to the [c]ourt's decision in this case."
{4} At trial, Defendant was convicted of aggravated DWI and resisting arrest. Defendant asks this Court to vacate his DWI conviction because the traffic stop was illegal and the trial court should have granted his motion to dismiss. Defendant does not challenge his conviction for resisting arrest. The State urges us to affirm, arguing that Officer Seely was authorized to stop and arrest Defendant either by the Fresh Pursuit Act or by his commission as a deputy sheriff of Chaves County.
DISCUSSION
{5} The interpretation of the Fresh Pursuit Act is a question of law that we review de novo. See State v. Roman, 1998-NMCA-132, ¶ 8, 125 N.M. 688, 964 P.2d 852. "Our primary goal when interpreting statutory language is to give effect to the intent of the legislature." State v. Torres, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result." State v. Marshall, 2004-NMCA-104, *3 ¶ 7, 136 N.M. 240, 96 P.3d 801. In this case, we reverse Defendant's conviction because we agree that the Fresh Pursuit Act did not authorize the traffic stop. The plain language of Section 31-2-8 permits a city police officer to pursue a suspect outside of the officer's territorial jurisdiction only if the officer has reason to believe he or she has observed a violation of an arrestable misdemeanor, and the State failed to prove that violation of the noise ordinance was an arrestable offense. Because Officer Seely had no authority to stop Defendant, all evidence of Defendant's intoxication was the fruit of this illegal detention. Therefore, the evidence should have been suppressed, and the DWI charge dismissed.
The Fresh Pursuit Act
{6} Absent some exception, a municipal police officer is authorized to enforce the laws only within the territory of the municipality. See NMSA 1978, § 3-13-2(A)(4)(d) (1988) (permitting municipal officers to "apprehend any person in the act of violating the laws of the state or the ordinances of the municipality" only "within the municipality"). The Fresh Pursuit Act provides an exception to this general rule. Under the Act,
[a]ny county sheriff or municipal police officer who leaves his jurisdictional boundary while in fresh pursuit of a misdemeanant whom he would otherwise have authority to arrest shall have the authority to arrest that misdemeanant anywhere within this state[.]
§ 31-2-8(A). "[F]resh pursuit of a misdemeanant" means "the pursuit of a person who has committed a misdemeanor in the presence of the pursuing officer." § 31-2-8(B) (internal quotation marks omitted). Defendant argues that the statutory requirement that the officer must be pursuing a person "whom he would otherwise have authority to arrest" means that the Fresh Pursuit Act authorizes a police officer to leave his jurisdiction only if the misdemeanor he has observed is an arrestable offense. See § 31-2-8(A). We agree. The plain language of Section 31-2-8 limits its scope to offenses for which the officer could arrest the misdemeanant. We conclude, therefore, that the legislature intended to authorize municipal officers to leave their territorial jurisdiction in fresh pursuit of a misdemeanant only if the misdemeanant has committed an arrestable offense.
{7} We do not agree with the trial court's conclusion that Tapia controls the question of whether a non-arrestable petty misdemeanor could provide the basis for a lawful arrest under the Fresh Pursuit Act. Tapia held that Section 31-2-8, which refers only to misdemeanors, also applies to petty misdemeanors. 109 N.M. at 745, 790 P.2d at 1026. Tapia did not address the distinction between arrestable and non-arrestable offenses, and therefore it does not answer the question before us. See Sloan v. State Farm Mut. Auto. Ins. Co., 2004-NMSC-004, ¶ 12, 135 N.M. 106, 85 P.3d 230 ("[C]ases are not authority for propositions not considered." (alteration in original) (internal quotation marks and citation omitted)).
{8} Once Defendant established that the traffic stop was facially invalid because it occurred outside of Officer Seely's jurisdiction, the burden shifted to the State to prove that Officer Seely's conduct was authorized by some exception to the general rule that an officer can only enforce the law within his territorial jurisdiction. Cf. State v. Ponce, 2004-NMCA-137, ¶ 7, 136 N.M. 614, 103 P.3d 54 (noting that once the Defendant has met its burden to show that a seizure was illegal on its face because it was conducted without a warrant, the state has the burden of proving that a police officer's conduct comes within an exception to the warrant requirement). The State failed to meet this burden below because it failed to prove that the noise ordinance was an arrestable offense, and that, therefore, the stop was justified by the Fresh Pursuit Act.
{9} At the hearing on Defendant's motion to dismiss, Defendant argued that the violation of the Dexter city noise ordinance was not an arrestable offense because a person who violates the ordinance cannot be jailed on that basis. Because the State did not provide the trial court with the text of the Dexter city ordinance setting out the penalties for a violation of the noise ordinance, the State did not meet its burden of proving that *4 the noise ordinance established a jailable and arrestable offense. Although Officer Seely testified that "any offense can be arrestable," we are unwilling to permit the State to meet its burden of showing that an offense is arrestable through the testimony of the arresting officer. In order to meet its burden, the State was required to provide the trial court with the text of the Dexter ordinance describing the penalty for a noise violation. See Muller v. City of Albuquerque, 92 N.M. 264, 265, 587 P.2d 42, 43 (1978) (noting that municipal ordinances are matters of fact which must be pleaded and proved as any other fact); 31A C.J.S. Evidence § 27 ("The general rule is that county, town, or municipal laws, ordinances, by-laws, or resolutions themselves are not judicially known to courts having no special function to enforce them[.]"). In the absence of proof that Officer Seely was authorized to arrest Defendant on the basis of the noise violation, the State failed to establish that Officer Seely was authorized to pursue Defendant in order to stop and arrest him under the Fresh Pursuit Act.
{10} As for the alleged violation of the state prohibition against exhibition driving, exhibition driving is an arrestable offense under state law. See NMSA 1978, § 66-8-115(D) (1978) ("Any person who violates any provision of this section is guilty of a misdemeanor."); NMSA 1978, § 66-8-7(B) (1989) (stating that, unless otherwise specified, the penalty for a misdemeanor under the Motor Vehicle Code can include up to ninety days' imprisonment). Therefore, had Officer Seely observed a violation of this statute, he would have been justified in pursuing Defendant in order to arrest him for that offense. However, we agree with Defendant that there is no evidence in the record to support the trial court's conclusion that the noise Officer Seely heard coming from Defendant's vehicle constituted exhibition driving.
{11} The relevant provision of the New Mexico Motor Vehicle Code states that
no person shall drive a vehicle on a highway in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration or for the purpose of making a speed record, whether or not the speed is in excess of the maximum speed prescribed by law, and no person shall in any manner participate in any such race, drag race, competition, contest, test or exhibition.
§ 66-8-115(A). Officer Seely's testimony that Defendant's vehicle was making noise because of a problem with the muffler is insufficient to establish that Officer Seely observed Defendant engage in an "exhibition of speed or acceleration." Because Officer Seely did not observe Defendant committing such a violation, he was not authorized to pursue Defendant outside the Dexter city limits on that basis. See § 31-2-8(B).
{12} As a postscript, we note that Defendant's motion was filed prior to our decision in State v. Rodarte, 2005-NMCA-141, 138 N.M. 668, 125 P.3d 647, cert. quashed, 2006-NMCERT-007, 140 N.M. 280, 142 P.3d 361. In that case, this Court held that under Article II, Section 10 of the New Mexico Constitution, an arrest for a non-jailable offense is constitutionally unreasonable in the absence of specific and articulable facts warranting a custodial arrest rather than a citation. Rodarte, 2005-NMCA-141, ¶¶ 14-16, 138 N.M. 668, 125 P.3d 647. However, Rodarte is not applicable here because the State does not dispute that a person may not be arrested for an offense that carries no jail time.
The Officer's Status as a Commissioned Deputy Sheriff
{13} The State argues that even if Officer Seely was not authorized under the Fresh Pursuit Act to stop Defendant outside of the Dexter city limits, his commission from the Chaves County sheriff authorized him to pursue and stop Defendant for municipal ordinance violations in Chaves County. Although the trial court did not rely on the fact of Officer Seely's commission in denying the motion to dismiss the DWI charge, we may affirm a trial court's decision that is right for any reason, so long as it is not unfair to the appellant for us to do so. See State v. Gallegos, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828.
*5 {14} If a city police officer is commissioned by the county sheriff, then the officer has the same authority to stop and arrest as would the sheriff. See State v. Pinela, 113 N.M. 627, 630, 830 P.2d 179, 182 (Ct.App.1992) (stating that a city police officer who was commissioned by the county sheriff was permitted to serve process by the statute authorizing the sheriff to serve process); see also NMSA 1978, § 4-41-5 (1975) (authorizing county sheriffs to appoint deputies); NMSA 1978, § 4-41-9 (1855-1856) (authorizing deputy sheriffs to exercise all powers of the sheriff). But the State provides this Court with no authority for the proposition that a county sheriff is authorized to enforce a city ordinance such as the noise ordinance at issue in this case. Compare NMSA 1978, § 29-1-1 (1979) (stating that it is "the duty of every sheriff . . . to investigate all violations of the criminal laws of the state"), and NMSA 1978, § 4-37-4(A)(1) (1975) (stating that "[i]t is the duty of every county sheriff . . . to enforce the provisions of all county ordinances"), with § 3-13-2(A)(4)(d) (stating that "[t]he police officer of a municipality shall . . . apprehend any person in the act of violating the laws of the state or the ordinances of the municipality"). See also City of Ash Grove v. Christian, 949 S.W.2d 259, 260-61 n. 2 (Mo.Ct.App.1997) (per curiam) (noting that where city officer was deputized by the county sheriff and the stop for a violation of a city ordinance took place outside the city limits, the stop was illegal since the state failed to prove that county sheriffs were authorized to enforce city ordinances). When a party cites no authority to support an argument, we may assume no such authority exists. In re Adoption of Doe, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Therefore, we do not address the State's claim that Officer Seely's commission as a deputy sheriff in Chaves County authorized him to stop Defendant based on the violation of the noise ordinance. See Wilburn v. Stewart, 110 N.M. 268, 272, 794 P.2d 1197, 1201 (1990) ("Issues raised in appellate briefs that are unsupported by cited authority will not be reviewed . . . on appeal.").
The Fruit of the Illegal Stop
{15} The State argues that the question of whether Officer Seely was authorized to stop Defendant for his violation of the noise ordinance is irrelevant since the subsequent arrest was justified by Officer Seely's independent observations of Defendant's intoxication after the stop. We agree with the State that once Officer Seely had probable cause to believe that Defendant had been violating state law by driving while intoxicated, he had the authority, as a Chaves County deputy sheriff, to arrest Defendant. See State v. Arroyos, 2005-NMCA-086, ¶ 11, 137 N.M. 769, 115 P.3d 232 (noting that county sheriff's deputy has jurisdictional authority to arrest for DWI). But regardless of Officer Seely's authority to execute the arrest in order to protect Defendant and the public, the evidence of Defendant's intoxication was obtained by means of the initial, invalid stop. As such, the evidence of the DWI should have been suppressed as the fruit of the wrongful traffic stop, and the charge should have been dismissed. See State v. Branham, 2004-NMCA-131, ¶¶ 2, 16, 136 N.M. 579, 102 P.3d 646 (affirming the suppression of evidence of intoxication observed after state police officer executed invalid traffic stop for speeding when officer was without statutory authority to enforce traffic laws on Mescalaro Apache Indian Reservation).
CONCLUSION
{16} For the foregoing reasons, we reverse Defendant's conviction for DWI and remand for amendment of his sentence. Defendant's conviction for resisting arrest was not challenged and therefore stands.
{17} IT IS SO ORDERED.
WE CONCUR: JAMES J. WECHSLER and IRA ROBINSON, Judges.
NOTES
[1] The officer's last name is spelled "Seeley" in Defendant's briefs on appeal and "Seely" in the State's brief and in the trial documents. We select "Seely" as the spelling in this opinion because it appears to more closely match the officer's signature on the criminal complaint.