**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FLAGSTAR BANK, FSB,**

      **Plaintiff-Appellee,**

v.                                          **NO. 29,352**

**ROBERT ORDUÑO,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Susan C. Little & Associates, P.A.
Susan C. Little
Albuquerque, NM

for Appellee Flagstar Bank

Robert Orduno
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Defendant appeals the grant of summary judgment to Bank on its complaint for foreclosure. In our notice, we proposed to affirm the judgment. Defendant has timely responded. We have considered his arguments and finding them unpersuasive, we affirm.

Defendant appears to be raising a new claim in his memorandum regarding the district court's jurisdiction over him. He argues that jurisdiction questions can be raised at any time. We note, however, that personal jurisdiction is waived if it is not asserted at the beginning of the action. *Sundance Mech. & Util. v. Atlas*, 109 N.M. 683, 690, 789 P.2d 1250, 1257 (1990). It is only subject matter jurisdiction that can be raised at any time. *Id.* Defendant's claim appears to be that the district court did not have personal jurisdiction. [MIO 1] The record does not indicate that Defendant claimed a lack of personal jurisdiction as a defense to the action. Therefore, we conclude that he waived any claim of lack of personal jurisdiction.

With regard to any claim of lack of subject matter jurisdiction, Defendant does not fully explain his claim. *See Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (explaining that we review pro se arguments to the best of our ability). Insofar as he may be arguing that the federal courts have preemptive jurisdiction over this matter, he cites us to no authority for that proposition. *See Wilburn v. Stewart*, 110 N.M. 268, 272, 794 P.2d 1197, 1201 (1990) (stating that issues that are unsupported by cited authority will not be reviewed on appeal). Furthermore, our Supreme Court has previously held that a claim of federal preemption must be raised as an affirmative defense. *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 140, 899 P.2d 576, 563 (1995). As Defendant did not raise this matter

below, we conclude that his claim was waived.

Defendant continues to argue that there was no contract here. He argues that there is nothing in the contract indicating that the bank was lending him money. He continues to argue that it was his signature on the note that created the money and, therefore, it was his money and he is the creditor. We do not follow the argument.

As we pointed out in the notice, Defendant's signature on the note did not create money, but simply an obligation on his part to pay back the loan. The Bank did not give him credit - it loaned him money that was deposited in his account. In exchange for that loan, Defendant agreed to pay the Bank back. [RP 7] The note that Defendant signed indicates that he received a loan. A loan is defined as "something lent for the borrower's temporary use on condition that it or its equivalent be returned. Case law has defined a loan as a delivery of a sum of money to another under a contract to return at some future time an equivalent amount with or without an additional amount agreed upon for its use." *Security Escrow Corp. v. State Taxation & Revenue Dep't*, 107 N.M. 540, 544, 760 P.2d 1306, 1310 (Ct. App. 1988) (internal quotation marks and citation omitted). Contrary to Defendant's arguments, we conclude that there was a valid contract, whereby the Bank loaned Defendant money in exchange for his agreement to pay it back.

Defendant now argues that the note presented to the district court was a forgery.

It does not appear from the record that he raised this issue below. He did not respond to the Bank's motion for summary judgment. None of his pleadings below suggest that a forgery was involved here. Because this matter was not raised below, we do not address it here. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) (stating the rule and the reason for requiring preservation of issues below). Defendant cannot raise new issues here that were not presented to the district court.

Defendant argues that the district court prejudged the case. That assertion appears to be the result of the ruling against Defendant. As we pointed out in our notice, bias cannot be based on an adverse ruling. In his memorandum, Defendant makes a number of assertions about the impropriety and illegality of the district court's rulings. We have reviewed the record before the district court and conclude that Defendant's assertions are completely unfounded. There is no evidence of prejudgment or bias in this case.

Defendant continues to argue about his sovereignty and his claim that he is the real creditor here. As we pointed out in our notice, these arguments are largely incomprehensible and totally without merit. Even sovereigns who borrow money and agree to pay it back must do so.

Defendant cites us to a good deal of out-of-state authority for his various

arguments. We need not consider it as there is New Mexico precedent that answers the issues raised by Defendant.

We conclude that the district court properly determined that there were no genuine issues of material fact here. Therefore, summary judgment was properly granted. *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (stating the standard for summary judgment).

For the reasons stated herein and in the calendar notice, we affirm the summary judgment.

**IT IS SO ORDERED**.

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**ROBERT E. ROBLES, Judge**


_____

**LINDA M. VANZI, Judge**