This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **No. 29,869**

**RICHARD WILLIAMS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Linda Yen, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Richard Williams appeals the district court's affirmance of his metropolitan court convictions after a bench trial for driving while under the influence of intoxicating liquor (DWI) and speeding. We affirm Defendant's convictions.

**BACKGROUND**

Defendant was pulled over on July 8, 2007, at about 12:30 a.m., after Albuquerque Police Officer Zachariah Floyd observed him weaving in the center lane and exceeding the speed limit. The officer testified he knew Defendant was speeding because he had paced Defendant by driving behind him, but admitted he had no official training on how to pace a car. When the officer approached Defendant, he noticed he had bloodshot, watery eyes, slurred speech, and smelled of alcohol. The officer testified that Defendant was uncooperative and that Defendant did not admit to having consumed any alcohol. Thereafter, Defendant would not look at the officer or acknowledge his presence, and he refused to take part in the field sobriety tests (FSTs). Defendant denied having any medical conditions that would restrict his everyday activities such as walking, talking, and balancing, but stated he had a cold.

Based on his observations, Officer Floyd decided Defendant was not in any condition to drive. The officer arrested Defendant and transported him to the police station where he was given two breath alcohol tests (BATs), both of which registered levels of .13. The metropolitan court found Defendant guilty of DWI under both the

2

"per se" and the "slightest degree" provisions of the DWI statute. That is, the court found that Defendant had a breath alcohol concentration (BAC) of .08 or more in his blood or breath, contrary to NMSA 1978, Section 66-8-102(C)(1) (2007) (amended 2008 and 2010), and was impaired to the slightest degree by alcohol, regardless of his BAC, contrary to Section 66-8-102(A). In the on-record appeal to the district court, that court concluded that sufficient evidence existed for "slightest degree" DWI and did not reach the question of whether the BAT results were properly admitted. It is this conviction alone that we review here.

**Probable Cause**

Defendant argues the officer lacked probable cause to arrest him for DWI. "In determining whether an officer had probable cause for an arrest, we look at the facts and circumstances within the officer's knowledge and determine whether they would cause a reasonable, cautious officer to believe that a criminal offense was being committed." *State v. Maez,* 2009-NMCA-108, ¶ 24, 147 N.M. 91, 217 P.3d 104.

Officer Floyd testified at trial that he had observed Defendant speeding and failing to maintain his lane. Defendant argues that these are non-jailable traffic offenses and asserts that they cannot provide probable cause to arrest. Defendant is correct only to the extent that the two minor traffic offenses that attracted Officer Floyd's attention could not by themselves provide a basis for a custodial arrest. *See*

*State v. Rodarte*, 2005-NMCA-141, ¶¶ 19-20, 138 N.M. 668, 125 P.3d 647. After the officer pulled Defendant over for the traffic offenses, he noticed that Defendant had bloodshot, watery eyes, slurred speech, and smelled of alcohol. Defendant refused to perform FSTs when asked to do so by the officer. Taken together, these observations provided Officer Floyd sufficient probable cause to arrest Defendant for DWI. *See, e.g.*, *State v. Ruiz*, 120 N.M. 534, 540, 903 P.2d 845, 851 (Ct. App. 1995) (holding that the defendant's "weaving for four blocks while the officer attempted to pull him over to the curb, combined with [the] strong odor of alcohol, glassy eyes, and inability to perform all of the [FSTs] in a satisfactory fashion, provided probable cause"), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894; *see also State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 (stating that "[t]he [prosecution] can use evidence of a driver's refusal to consent to the [FSTs] to create an inference of the driver's consciousness of guilt"). We conclude that Defendant's arrest was supported by probable cause.

**Sufficiency of the Evidence**

Defendant argues the evidence was insufficient to support his convictions. When reviewing a substantial evidence claim, "[t]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

4

reasonable doubt." *State v. Perea*, 2001-NMSC-026, ¶ 5, 130 N.M. 732, 31 P.3d 1006 (emphasis omitted) (internal quotation marks and citation omitted). "On appeal, we will not reweigh the evidence nor substitute our judgment for that of the fact finder provided that there is sufficient evidence to support the verdict." *State v. Collins*, 2007-NMCA-106, ¶ 29, 142 N.M. 419, 166 P.3d 480.

As relevant to this case, the DWI statute provides as follows:

A. It is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state.

Section 66-8-102.

We address whether Defendant was under the influence of alcohol. A person is driving under the influence of alcohol for purposes of Section 66-8-102(A) if "as a result of drinking liquor the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public[.]" UJI 14-4501 NMRA; *see Sanchez*, 2001-NMCA-109, ¶ 17.

Evidence that Defendant was under the influence of alcohol for purposes of Section 66-8-102(A) consisted of Officer Floyd's testimony that Defendant was weaving in his driving lane and had bloodshot, watery eyes, smelled of alcohol, and slurred his speech. Defendant also refused to perform the FSTs, which may be interpreted as consciousness of guilt even though taking the tests is not required. *See*

*id.* ¶ 9.  The fact finder may "rely on common knowledge and experience to determine whether [a defendant] was under the influence of alcohol."  *State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341, 176 P.3d 330.  In the present case, the court had before it not only evidence of common signs of intoxication, but also its influence on Defendant's driving in the form of testimony that Defendant had been weaving.  We conclude that the metropolitan court had sufficient evidence before it to convict Defendant of DWI under Section 66-8-102(A).  We therefore see no reason to address whether Defendant had an alcohol concentration of .08 or more in his blood or breath sufficient to convict him under Section 66-8-102(C)(1).

We further conclude that there was sufficient evidence to convict Defendant of speeding.  The only evidence for the speeding violation consisted of Officer Floyd's testimony, which was inconsistent at times.  The officer initially testified that he first observed Defendant driving eastbound on Second Street and later acknowledged that he was driving eastbound on Lomas Boulevard.  The officer also testified that Defendant was driving fifty-five in a thirty mile-per-hour zone, which the officer described as fifteen miles per hour over the speed limit.  We observe that in reciting the evidence for the conviction at the end of the trial, the metropolitan court described the speeding as fifteen miles per hour over the limit.  Officer Floyd testified that he measured Defendant's speed by pacing him and acknowledged that he did not have

any training or certification on how to pace another vehicle. Whether fifteen or twenty-five miles over the limit, the disparity noted between the speed limit and the officer's noting the speed he was going is sufficient to support a finding of speeding.

This Court "will not reweigh the evidence nor substitute our judgment for that of the fact finder[.]" *Collins*, 2007-NMCA-106, ¶ 29. Accordingly, we affirm Defendant's speeding conviction.

**CONCLUSION**

For the reasons stated in this opinion, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

7