This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

**v.**                                                                                      No.  32,224

**JESSIE BENAVIDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals his conviction for one count of trafficking (possession with intent to distribute) methamphetamine. [RP 164] We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition and motion to amend his docketing statement. After considering the arguments raised by Defendant in his memorandum in opposition and motion to amend, we remain unconvinced that our proposed disposition was in error. Therefore, we affirm Defendant's conviction and deny his motion to amend the docketing statement.

**Motion to Amend the Docketing Statement**

In his docketing statement, Defendant claimed that the officers were not entitled to arrest him for violation of the City of Hobbs' noise ordinance (the Ordinance) because the Ordinance is unconstitutionally vague as written or applied. [DS 7] We proposed to affirm, and Defendant now concedes that the Ordinance is valid and constitutional as applied. [MIO 17] However, he seeks to amend his docketing statement to claim that the officers were not entitled to arrest him because the arrest was unreasonable in that violation of the Ordinance is a misdemeanor and does not mandate jail time. [MIO 16-23] *See State v. Rodarte*, 2005-NMCA-141, ¶¶ 14-16, 138 N.M. 668, 125 P.3d 647 (recognizing that a custodial arrest for a non-jailable misdemeanor is constitutionally unreasonable unless there are specific and articulable

facts that warrant a custodial arrest instead of a citation); *cf. State v. Bricker*, 2006-NMCA-052, ¶¶ 27-30, 139 N.M. 513, 134 P.3d 800 (holding that the custodial arrest was unlawful and in violation of Article II, Section 10 of the New Mexico Constitution because, even though conviction might result in jail time, the Legislature had only authorized citation and release when enforcing the statute prohibiting driving on a suspended license).

Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

In this case, we deny Defendant's motion to amend due to lack of preservation because Defendant failed to alert the district court to his argument that the officers were not authorized to arrest him for a misdemeanor. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983) (setting forth the criteria that must be satisfied before this Court will grant a motion to amend the docketing statement, one of which is an explanation of how the issue was properly preserved or why it may be raised for the first time on appeal). Defendant concedes that he failed to make this argument in

district court but instead only argued that the arrest was illegal because the Ordinance was void for vagueness. [MIO 18] Nonetheless, he argues that the issue of whether the officers were authorized to arrest him was properly preserved because he brought up enough facts "to ensure that the State had an opportunity to develop facts bearing on the contention that the arrest was legal." [MIO 18] He argues that, even though he never mentioned that the arrest was unreasonable, the State was not prejudiced because the district court is charged with knowing and correctly applying New Mexico precedent. [MIO 19] We disagree.

In order to preserve a question for review, "it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA; *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (providing that preservation requirements include a timely objection that specifically apprises the district court of the claimed error and allows the district court to make an intelligent ruling on the objection). Adequate preservation is necessary in order to provide the district court with an opportunity to correct any mistake, to give the opposing party an opportunity to demonstrate why the district court should rule in its favor, and to create a record that will enable an appellate court to make an informed decision. *See State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768.

In order to preserve his argument that the officers were not entitled to make a custodial arrest because they were arresting Defendant for a suspected misdemeanor, Defendant must have alerted the district court to this theory. *See id.* (holding that, in order to preserve an argument concerning suppression for appeal, the party must alert the district court as to the theory relied upon in support of its argument "in order to allow the district court to make a ruling thereon"). Defendant failed to do so. As Defendant did not challenge the arrest on grounds that it was unreasonable because of the relatively minor nature of the offense, we decline to consider this contention on appeal. *See id.* ¶¶ 11-14.

We also decline to review Defendant's contention for fundamental error. [MIO 19] "A fundamental error occurs where there has been a miscarriage of justice, the conviction shocks the conscience, or substantial justice has been denied." *State v. Dietrich*, 2009-NMCA-031, ¶ 52, 145 N.M. 733, 204 P.3d 748.

Defendant concedes that he could be sentenced to jail time for violating the Ordinance a third time, even though jail time was not mandatory. [MIO 21] Therefore, his arrest does not appear to have been unreasonable or to have constituted constitutional error. *See Rodarte*, 2005-NMCA-141, ¶¶ 14-16 (recognizing that a custodial arrest for a non-jailable misdemeanor is constitutionally unreasonable unless exigent circumstances exist); *cf. Bricker*, 2006-NMCA-052, ¶¶ 27-30 (holding that the

custodial arrest of the defendant was unlawful because the defendant was arrested for driving with a suspended license and the applicable statute only authorized officers to enforce the statute by issuing a citation and then releasing the suspect from custody). As Defendant has failed to preserve his argument by alerting the district court to his contentions about the illegal nature of his arrest and he has failed to show error, much less fundamental error, we deny his motion to amend the docketing statement. *Cf. State v. Cabezuela,* 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705 (noting that "the first step in reviewing for fundamental error is to determine whether an error occurred [and, if so,] we then consider whether the error was fundamental" (internal quotation marks and citation omitted)).

**Speedy Trial**

In his docketing statement, Defendant claimed that his speedy trial rights were violated. [DS 8; MIO 6-7, 23-28] We analyzed his contentions by applying the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and proposed to hold that the district court did not err in denying Defendant's motion to dismiss on speedy trial grounds. *See generally State v. Garza*, 2009-NMSC-038, ¶¶ 13, 39-40, 146 N.M. 499, 212 P.3d 387.

In his memorandum in opposition, Defendant urges us to reconsider our proposed disposition. He argues that we failed to apportion the time between his

6

motion to dismiss on April 13, 2010, and the trial date on January 12, 2012. [MIO 24-25] He then contends that he did not need to show that he suffered any actual prejudice because the delay between his arrest on October 3, 2007, and eventual trial on January 12, 2012, was substantial and the State was responsible for most of that delay. [MIO 24, 26-28] *See id.* ¶ 39 (recognizing that, in order to establish a speedy trial violation, a defendant needs to show either evidence of actual prejudice or that he asserted his right and that the first two factors weigh so heavily against the prosecution that he need not establish actual prejudice). We are unpersuaded.

In our notice of proposed summary disposition, we only analyzed the time between Defendant's arrest and the time of the district court's hearing on his speedy trial motion. We observe that the record and docketing statement suggest that Defendant never raised any speedy trial contentions after the district court held a hearing and denied his motion on April 22, 2010. [RP 75] In his memorandum in opposition, Defendant does not suggest that he raised a speedy trial claim at any point after his April 13, 2010, motion and the denial of that motion. [MIO 23-28] *Cf. State v. Rojo*, 1999-NMSC-001, ¶¶ 49-53, 126 N.M. 438, 971 P.2d 829 (holding that any issue concerning a possible speedy trial violation must be raised in the district court and a ruling invoked on that issue before it may be considered on appeal).

Therefore, we affirm on this issue.

**Sufficiency of the Evidence to Support Defendant's Conviction**

In his docketing statement and memorandum in opposition, Defendant claims there was insufficient evidence to convict him of trafficking (possession with intent to distribute) methamphetamine because there was insufficient evidence for the jury to conclude that Defendant knew of the presence of methamphetamine or that he exercised control over it. [DS 9; MIO 29-32; RP 134-35] *See* NMSA 1978, § 30-31-20(A)(3) (2006); UJI 14-3130 NMRA. In our notice of proposed summary disposition, we reviewed the evidence introduced at trial and proposed to affirm.

In response to our request that Defendant's memorandum in opposition include any missing evidence that was introduced in support of his conviction, Defendant has provided additional details regarding the evidence and testimony introduced at trial. He informs us that the officers testified that in searching the vehicle driven by Defendant, they found a brown leather satchel with little baggies inside. [MIO 8] The satchel was located inside the center console and underneath a piece of stereo equipment. [MIO 8] The material inside the baggies tested positive for methamphetamine. [MIO 8-10]

The officers also found a wallet over the top driver's side visor with $1,000 inside of it. [MIO 8] The wallet included multiple bills in one-hundred-dollar, fifty-

dollar, twenty-dollar, two-dollar, and one-dollar denominations along with one ten-dollar bill.  [MIO 8]

Officer Wall testified that he was trained in narcotics investigations, and he believed the denominations found in Defendant's wallet were consistent with drug transactions.  [MIO 11]  He also testified that it was normal for a person to purchase between a quarter gram and a gram when buying methamphetamine for personal use, that it was common for a dealer to package methamphetamine in one gram or smaller bundles, and that in this case there were 11 grams of methamphetamine found in two bundles which is consistent with trafficking.  [MIO 11-12]

There was evidence showing that Defendant lived at the address listed on the vehicle's registration [MIO 13], and the officers testified that the vehicle driven by Defendant was distinctive due to its large after-market rims and tinted windows.  [MIO 10]  Officers testified that they had seen Defendant driving this same vehicle in the past, and Defendant was seen driving it the morning of trial.  [MIO 10]

Defendant's mother testified that the vehicle is sometimes driven by one of Defendant's brothers and Defendant's friends, but it is the only vehicle Defendant drives.  [MIO 13]  She also testified the Defendant had installed the stereo system in the vehicle.  [MIO 13]

Defendant claims that the State failed to meet its burden of establishing that Defendant had constructive possession of the methamphetamine because it failed to establish, beyond a reasonable doubt, that Defendant was aware of the methamphetamine and that he exercised control over it. [MIO 29-32] *See State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72. He notes that there was another person in the vehicle when it was stopped and that at least three people had access to the vehicle. [MIO 9, 29] Given that he did not have exclusive access, Defendant argues that the State cannot rely solely on his access to infer that he was in constructive possession of the methamphetamine. [MIO 29] *See State v. Maes*, 2007-NMCA-089, ¶ 14, 142 N.M. 276, 164 P.3d 975 (observing that in light of the evidence showing that the defendant did not have exclusive access to the house where the methamphetamine was seized, "the [prosecution] could not rely solely on [the d]efendant's access to the house to support an inference that [she] was in constructive possession of the methamphetamine" found therein).

As discussed in our notice of proposed summary disposition, "[p]roof of possession in controlled substances cases may be established by evidence of the conduct and actions of a defendant, and by circumstantial evidence connecting defendant with the crime." *State v. Barber*, 2004-NMSC-019, ¶ 27, 135 N.M. 621, 92 P.3d 633. In this case, in addition to the fact that the methamphetamine was found

in a car driven by Defendant, there was evidence that Defendant had installed the stereo under which the methamphetamine was hidden, Defendant was the main driver of the vehicle, Defendant was carrying a gun, and he had $1,000 in his wallet in denominations consistent with trafficking. This circumstantial evidence is sufficient to support a conclusion that Defendant was in constructive possession of the methamphetamine. *See id.*; *cf. State v. Hubbard*, 113 N.M. 538, 541, 828 P.2d 971, 974 (Ct. App. 1992) (observing that "items found in the possession of the accused, such as . . . significant sums of cash, [may] show that the accused intends to transfer drugs").

Defendant notes his testimony that someone else installed the stereo, and someone else was driving the vehicle earlier that day. [MIO 13, 15] He also testified that he received the money from a construction job and that he used the gun for protection because he had been shot in 2002. [MIO 15] We are unpersuaded that Defendant's testimony warrants reversal of his conviction because the jury was free to disregard his statements. *See State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996 (holding that it is the fact-finder's prerogative to reject the defendant's version of the event); *State v. Fuentes*, 2010-NMCA-027, ¶ 17, 147 N.M. 761, 228 P.3d 1181 (noting that it is up to the jury to evaluate a witness's credibility). Therefore, we are not persuaded that merely because Defendant has an alternative

11

explanation for the money, the gun, and installation of the stereo, the jury had to believe his version of events instead of concluding that this evidence was actually indicia of Defendant's guilt. *See Rojo*, 1999-NMSC-001, ¶ 19 (stating that the fact-finder is free to reject the defendant's version of the facts and further noting that we may disregard the evidence in favor of acquittal when considering sufficiency).

**Conclusion**

Based upon the foregoing, and the reasons set forth in our notice of proposed summary affirmance, we affirm Defendant's conviction for one count of trafficking (possession with intent to distribute) methamphetamine. We deny Defendant's motion to amend his docketing statement.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**