This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40003**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DANNY MUNOZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant Danny Munoz appeals the jury's convictions for possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23(A) (2019, amended 2021), and tampering with evidence, contrary to NSMA 1978, Section 30-22-5 (2003), as well as the district court's imposition of a habitual offender enhancement under NMSA 1978, Section 31-18-17(B) (2003). Specifically, Defendant contends that (1) he was improperly detained; (2) the district court improperly denied a "for cause" challenge

to a potential juror; (3) the jury selection procedure was fundamentally unfair; (4) evidence and testimony was improperly limited; and (5) the evidence did not support the habitual offender enhancement. We affirm.

**DISCUSSION**

**{2}**     Because this is a memorandum opinion prepared for the benefit of the parties, we provide only those facts that are necessary to resolve the issues raised on appeal. We address each issue in turn.

**I.     The Officer Had Reasonable Suspicion to Detain Defendant**

**{3}**     Defendant contends that the stop was not justified at its inception, the scope of the investigation expanded beyond the basis for the stop without reasonable suspicion, and Defendant's detention for a nonarrestable offense was unreasonable. Generally, a stop is justified at its inception if the officer has "reasonable, articulable suspicion that a particular individual is breaking or has broken the law," which includes "reasonable suspicion that a traffic law has been violated." *State v. Goodman*, 2017-NMCA-010, ¶ 6, 389 P.3d 311. Defendant makes no distinction between federal and New Mexico law regarding this general rule relating to the justification for the stop at inception. Nevertheless, while the federal law permits a traffic stop to be expanded provided that the additional questions do not "measurably extend[]" the defendant's detention, the New Mexico Constitution permits questions unrelated to the original basis for the stop only "when supported by independent reasonable suspicion, for reasons of officer safety, or if the interaction has developed into a consensual encounter." *State v. Leyva*, 2011-NMSC-009, ¶¶ 29, 55, 149 N.M. 435, 250 P.3d 861. Reviewing the district court's denial of Defendant's motion to suppress as a mixed question of law and fact, *see Goodman*, 2017-NMCA-010, ¶ 5, we first conclude that the State demonstrated that the stop was justified at its inception and that the officer had reasonable suspicion to expand the investigation beyond the original basis for the stop. We then consider whether Defendant correctly asserts that the offense was nonarrestable and for that reason, resulted in an unreasonable detention.

**{4}**     To evaluate reasonable suspicion, we "review[] the facts for substantial evidence, deferring to the [district] court's findings regarding the evidence presented" and "the application of law to the facts de novo." *Id.* The district court found—and the officer's testimony supports—that (1) the officer was dispatched to investigate a shoplifting involving a female suspect with whom the officer was familiar, as well as a male suspect; (2) at the store, the officer noticed a vehicle with a male passenger who ducked down, and the vehicle exited the parking lot at a high rate of speed; and (3) the vehicle continued at a high rate of speed, passed other vehicles at that speed, swerved into a left turn lane, and turned without a signal so fast that the vehicle rocked to the one side. Defendant was a passenger in the rear of the vehicle. Based on this evidence, we agree with the district court that the officer stopped the vehicle based on reasonable suspicion of shoplifting and traffic violations. *See id.* ¶ 6 (permitting a traffic stop based

on reasonable suspicion of a violation of traffic laws or that "a particular individual is breaking or has broken the law").

**{5}** Turning to whether the officer reasonably expanded the stop, the officer immediately saw in the vehicle what appeared to be weapons and smelled marijuana coming from the vehicle. The officer questioned the occupants about the weapons and whether they could legally possess marijuana and discovered the driver did not have a driver's license. With this information, the officer had no way of knowing without a search of the vehicle whether any quantity of marijuana in the vehicle was illegal. *See* § 30-31-23(B) (assigning penalties based on quantity). The driver eventually gave the officer permission to search the vehicle. After requesting that the occupants step out of the vehicle, the officer conducted a search and located crumbs of marijuana, as well as a baggie of what appeared to be methamphetamine on the driver's side floor. The officer explained that while the vehicle was being searched, Defendant was detained and under investigation "for the marijuana usage." While asking the driver about the baggie found in the vehicle, Defendant was standing nearby, and the officer noticed another plastic baggie visible in Defendant's shoe, which also contained a white crystalline substance. Based on these facts, we conclude that the officer reasonably expanded the stop to obtain consent to search the vehicle and detained Defendant based on reasonable suspicion that illegal quantities of marijuana were present in the vehicle. *See State v. Funderburg*, 2008-NMSC-026, ¶¶ 4-5, 32, 144 N.M. 37, 183 P.3d 922 (concluding that an officer reasonably expanded a stop by requesting consent to search a car in order to investigate evidence of drugs in that car after finding drugs on a passenger during a search incident to arrest).

**{6}** Defendant maintains that the officer did not have reasonable suspicion to detain him while the vehicle was searched for marijuana because nothing connected the odor of marijuana to Defendant and the possession of small quantities of marijuana was a nonarrestable offense at the time of the search. For support, Defendant cites *State v. Rodarte*, 2005-NMCA-141, 138 N.M. 668, 125 P.3d 647. In *Rodarte*, this Court held that the greater protections afforded by the New Mexico Constitution "do not permit arrests for non[]jailable offenses on the basis of probable cause alone." *Id.* ¶ 1. Instead, the circumstances must make "it necessary for the officer to arrest [the d]efendant." *Id.* ¶ 15. Otherwise, a citation for the nonjailable offense "would likely have served the [s]tate's law enforcement interests every bit as effectively as an arrest." *Id.* (alteration, omission, internal quotation marks, and citation omitted). In the present case, however, the officer testified that quantity could not be ascertained from smell alone—additional investigation was required, and for that reason, the officer obtained consent to search the vehicle. *Rodarte* therefore does not apply, because Defendant was not arrested but rather detained during the search that was justified by reasonable suspicion that an unknown quantity of marijuana was present somewhere in the vehicle. *See Funderburg*, 2008-NMSC-026, ¶¶ 19, 25 (considering circumstances in which "the officer may have had reasonable suspicion about the contents of the car, yet . . . had no suspicion directed toward the driver personally" and concluding that seeking consent to search the car was reasonable based on a "reasonable suspicion that drugs might be in the car based on the totality of the circumstances").

**{7}**     We therefore affirm the district court's denial of Defendant's motion to suppress.

## II.     The Jury Procedures Did Not Result in Reversible Error

**{8}**     Defendant argues that (1) Juror 25 displayed bias and should have been stricken for cause; and (2) the process for selecting the jury was fundamentally unfair despite—as the State notes—Defendant's lack of objection. We disagree and conclude that Defendant did not establish either that the district court abused its discretion in denying Defendant's for-cause challenge or that the procedure employed was fundamentally unfair. *See State v. Rackley*, 2000-NMCA-027, ¶¶ 9,  1, 128 N.M. 761, 998 P.2d 1212 (noting that excusals for cause are within the district court's discretion and that "[a]s the party claiming juror bias, [the d]efendant had the burden of proving it"); *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633 (explaining that an appellate court "review[s] only for fundamental error" if the defendant did not preserve an error and that the doctrine applies "only under exceptional circumstances and only to prevent a miscarriage of justice").

**{9}**     Juror 25 worked in the emergency room and had encountered and talked with the arresting officer while working. For this reason, Defendant argues that the district court improperly denied the for-cause challenge to Juror 25, which forced the use of a peremptory challenge. We disagree. Juror 25 twice confirmed that she could be fair and impartial in assessing the officer's credibility. While Defendant contends that a juror's assertion that they can be impartial is not conclusive, in the present case, no circumstances suggest that Juror 25's assertion of fairness and impartiality should be discounted. *See State v. Baca*, 1990-NMCA-123, ¶ 16, 111 N.M. 270, 804 P.2d 1089 ("[I]f a juror rehabilitates [their] own bias, the [district] court may properly deny challenges for cause to that juror absent undue prompting from the court or counsel."); *cf. Alvarez v. State*, 1978-NMSC-042, ¶¶ 12-13, 92 N.M. 44, 582 P.2d 816 (rejecting a juror's affirmance of impartiality as inconclusive when that juror "served in a previous similar criminal trial in the same term of court where the same or another defendant was tried primarily on the basis of the credibility of the same material witness the [s]tate intends to use in the subsequent trial").

**{10}**     Defendant also maintains that the process used to select the jury was fundamentally unfair because the voir dire panel was examined in two parts, and the suitability of the jurors on the second panel was unknown at the time Defendant exercised peremptory challenges on the first panel. As a result, Defendant maintains that with "prior knowledge of the second panel of jurors prior to the jury selection process, he would have been able to utilize his peremptory challenges effectively and reliably." Defendant, however, makes no argument that the jury that was actually empaneled was biased or prejudiced. *See State v. Gardner*, 2003-NMCA-107, ¶ 17, 134 N.M. 294, 76 P.3d 47 (discerning no prejudice absent a showing "that the jurors ultimately impaneled were biased or motivated by partiality" and reiterating that the defendant had a right "only to impartial jurors, not to the impartial jurors of his choice" (internal quotation marks and citation omitted)). As a result, we see no "mistake in the

process" that renders Defendant's conviction fundamentally unfair. *See Barber*, 2004-NMSC-019, ¶ 17.

### III.   The District Court Did Not Improperly Limit the Evidence and Testimony

**{11}**   Defendant next contends that the district court improperly (1) excluded exhibits that "would have been used to demonstrate another person in the vehicle had also been charged with the possession of the methamphetamine [for] which [Defendant] was charged"; and (2) did not permit Defendant to cross-examine the officer about whether the driver was also charged with possession of the baggie initially found in the vehicle. Defendant maintains that because this evidence was excluded, the argument that another person possessed the methamphetamine was foreclosed and the officer's credibility and Defendant's defense theory could not be tested. Rule 11-403 NMRA permits the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues." We review the district court's admission or exclusion of evidence for abuse of discretion, which "occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *See State v. Hanson*, 2015-NMCA-057, ¶ 5, 348 P.3d 1070 (internal quotation marks and citation omitted).

**{12}**   The relevant facts are as follows. Four baggies of methamphetamine were recovered by law enforcement: one baggie near the driver's seat in the vehicle, two baggies in Defendant's shoe, and another baggie during the search of Defendant incident to arrest. The district court excluded evidence that the driver was charged in relation to the baggie found in the vehicle and reasoned that evidence about other charges would confuse the jury without "shed[ding] any light on this matter," because two people could possess an item and the quantity from the car would not impact the trafficking charge given the quantities found on Defendant's person. Thus, under the facts of the case, the district court determined that the probative value of the evidence was outweighed by the potential for confusing the jury. *See* Rule 11-403; *Hanson*, 2015-NMCA-057, ¶ 5.

**{13}**   The district court assured that Defendant could nevertheless argue that the methamphetamine found in the car was not in Defendant's possession. To that end, on cross-examination, Defendant highlighted that one baggie was found in the front of the driver's seat but Defendant was located in the rear passenger seat and that the driver's name was on the evidence label for one of the recovered baggies. In closing, Defendant argued that the location and the labeling of the admitted evidence with the "driver's name" suggested that Defendant did not possess the baggie found in the car. The effect of the district court's ruling was that even though Defendant could not refer to charges brought against the driver, Defendant nonetheless could—and did—argue that the evidence showed that the driver possessed the baggie found in the car.

**{14}**   Based on the record, the district court's ruling was not contrary to "the logic and effect of the facts and circumstances of the case." *Hanson*, 2015-NMCA-057, ¶ 5 (internal quotation marks and citation omitted). As a result, the district court did not

abuse its discretion in excluding the evidence relating to the driver's charges. Because we discern no error, we do not consider Defendant's argument that any error was not harmless or Defendant's assertion that prejudice resulted from the claimed error.

## IV. The Evidence Supported the Habitual Offender Enhancement

**{15}** Last, Defendant challenges the evidence supporting the habitual offender enhancement. The State filed a notice of supplemental criminal information and identified prior felonies from 2008 and 2016. Defendant argues that the State failed to prove by a preponderance of the evidence in relation to the 2008 felony that (1) Defendant was the same person; (2) Defendant was convicted; and (3) "less than ten years ha[d] passed since . . . [D]efendant completed serving the sentence, probation, or parole." *See State v. Clements*, 2009-NMCA-085, ¶ 22, 146 N.M. 745, 215 P.3d 54 (citing Section 31-18-17(D)) (identifying these as the elements the state must prove by a preponderance of the evidence in order to establish a prima facie case to support habitual offender enhancements). We review such challenges for sufficiency of the evidence. *State v. Salas*, 2017-NMCA-057, ¶ 63, 400 P.3d 251.

**{16}** The day after trial, the State filed a notice of intent to seek habitual offender enhancement and supplemental criminal information. Defendant subsequently filed a notice of intent to attack the validity of the 2008 conviction. At the hearing, as the State referred to certified copies, the district court noted that the certified copies were not attached to the supplemental criminal information. The State displayed the certified copies for the district court, and the court conditionally accepted the accuracy of the State's representations about the prior convictions, subject to the court's "detailed review" of the documents. Regarding the 2008 conviction, the State represented that the certified judgment showed Defendant's name, date of birth, social security number, and conviction for a felony. Though the certified documents supporting the prior convictions were not included in the record proper, the evidence presented at the hearing is sufficient for the State to establish a prima facie case for the first two elements: that Defendant is the same person and that he was convicted for the 2008 prior felony. *See Clements*, 2009-NMCA-085, ¶ 22 (explaining that the state must establish a prima facie case). Defendant did not challenge the documents and therefore did not produce evidence to support any assertion of invalidity on the first two elements. *See id.* (shifting the burden to the defendant to produce evidence to support an "assertion of invalidity" after the state makes a prima facie case).

**{17}** Instead, Defendant challenged the third element—whether the evidence established a prima facie case that Defendant was still on probation or parole or was still incarcerated on August 10, 2011, such that less than ten years had passed before the conviction in the present case on August 10, 2021. To this point, the State presented another document showing that Defendant's probation for the 2008 conviction was revoked in June 2011, and Defendant was sentenced to six years in the department of corrections. Because Defendant was sentenced to six years' incarceration in June 2011, the district court could reasonably infer that the sentence was being served on and after August 10, 2011. *See id.* ¶ 27 (observing that in

reviewing a habitual offender enhancement, we indulge all permissible inferences in favor of the district court's decision). As a result, the State established a prima facie case on the third element, which Defendant offered no evidence to rebut. Sufficient evidence therefore supported the district court's enhancement of Defendant's sentence under Section 31-18-17(B).

**CONCLUSION**

**{18}** For the reasons stated herein, we affirm.

**{19}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**